UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 3:13-cv-1094-J-34JRK

| | |
|---|---|
| WAYNE PARROTT,<br><br>Plaintiff<br>v.<br><br>GE CAPITAL RETAIL BANK/JC PENNEY CORPORATION, INC.,<br><br>Defendant. | **COMPLAINT**<br><br>**AND JURY TRIAL DEMANDED**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.*, and the Florida Consumer Collection Practices Act, ("FCCPA") §§ 559.55-559.785.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Wayne Parrott (hereinafter "Plaintiff") is a natural person who resides in the City of Jacksonville, County of Duval, State of Florida, and is a "consumer" as that term is defined by Fla. Stat. § 559 or a person affected by a violation of that law.

5. Defendant GE Capital Retail Bank / JC PENNEY Corporation, Inc. (hereinafter "Defendant") is a "debt collector" as that term is defined by Fla. Stat. § 559.

## FACTUAL ALLEGATIONS

6. On or before August 7, 2013, Defendant attempted to collect a debt by calling Plaintiff's cell phone over 150 times in a 63 day time period.

7. Plaintiff's financial obligation was primarily for personal, family or household purposes and is therefore a "debt." For several months, up to and including between June 3, 2013, and August 7, 2013, Defendant repeatedly and willfully contacted Plaintiff on his cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by § 559.

*Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

9. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

10. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

11. The Defendant at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

12. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

**Illegal Auto-Dialed Collection Calls**

14. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's answering service and in violation of the TCPA.

15. Defendant repeatedly called Plaintiff on his cell phone using an automatic telephone dialing system.

16. Each time Plaintiff answered, an auto-recording told the Plaintiff to hold while a customer representative joined the line.

17. Plaintiff received more than a 150 of these auto-dialed calls from Defendant.

**Cease and Desist Communication Ignored**

18. On multiple phone calls, Plaintiff informed Defendant that he had never consented to telephone calls from Defendant on his cellular telephone and had never consented to automated calls from Defendant.

19. An online account printout shows that Plaintiff never gave consent to contact his cell phone (See attached as Exhibit A).

20. Plaintiff also explicitly revoked any permission or consent Defendant may have had to call his cellular telephone number **(904) 450-3674** and instructed Defendant RCS to never call his cellular telephone ever again.

21. In response to Plaintiff's revocation of any prior consent, Defendant has continued to call using an automated computerized dialer and a pre-recorded and/or synthesized voice to in hopes of the Plaintiff answering so he could then be connected.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

**COUNT I: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")**

23. Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully stated herein.

24. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiff was a "consumer," as Plaintiff was a natural person allegedly obligated to pay a debt as per Defendant's collection calls

25. At all times material, pursuant to section 559.55(6), Florida Statutes, Defendant was a "debt collector," as Defendant used an instrumentality of commerce for the purpose of collecting a debt, by phone, and as otherwise provided under the same statute.

26. Section 559.77(5), Florida Statutes, provides that interpretations of the federal courts relating to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") shall be given great weight when applying the provision of the FCCPA.

27. Section 559.72(4), Florida Statutes, prohibits a debt collector from contacting a debtor when the debt collector knows the debtor is being represented by an attorney regarding the debt,

28. Defendant intentionally attempted to collect a debt by contacting Plaintiff's place of employment despite receiving notice not to.

29. As a result of Defendant's actions, Plaintiff suffers from mental and physical distress because the phone calls are grounds for termination.

30. Plaintiff has incurred attorney's fees and costs in pursuing this action.

**Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

**COUNT II. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. Section 227 et seq.**

31. Plaintiff incorporates by reference paragraphs 1-22 of this Complaint as though fully stated herein.

32. Within the one year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

33. Between June 7, 2013 and August 22, 2013, Defendant made over 170 phone calls to Plaintiff' cell phone.

34. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

36. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

37. Defendant made such calls willfully, and in direct contradiction to the Plaintiff's request to stop calling his cell phone.

38. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

39. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

40. Plaintiff is entitled to injunctive relief prohibiting Defendant RCS from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

**COUNT I.**

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")§ 1559 et seq.**

- for an award of actual damages pursuant to against Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to §559 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to §559.77(2) against Defendant and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. Section 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

/s/ Gregory S. Gilbert

Gregory S. Gilbert
Florida Bar No. 085916
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
ggilbert@jaxlawcenter.com

**Trial Counsel for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        )
COUNTY OF DUVAL         )

Plaintiff Wayne Parrott, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_/s/ Wayne Parrott_
Wayne Parrott

Subscribed and sworn to before me
this 26th day of August, 2013.

_/s/ Hahlah W. Ideis_
Notary Public



HAHLAH W IDEIS
MY COMMISSION # EE866214
EXPIRES January 17, 2017
(407) 398-0153    FloridaNotaryService.com